FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

2014 MAY -2  P 2:41

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| ALI JAVAD,<br>1419 R Street, N.W., # 53<br>Washington, DC 20009<br><br>    **Plaintiff,**<br><br>v.<br><br>**DVD MANAGEMENT, LLC**<br>Serve: CT Corporation System<br>       3925 Old Lee Highway, Suite 51A<br>       Fairfax, VA 22030<br><br>and<br><br>**FAIRFAX MAIN STREET, LLC**<br>Serve: CT Corporation System<br>       4701 Cox Road, Suite 285<br>       Glen Allen, VA 23060<br><br>    **Defendants.** | Case No. 1:14-CV-489<br>(LO/TRJ) |

## VERIFIED COMPLAINT

COMES NOW Plaintiff Ali Javad ("Javad"), by counsel, and presents this Verified Complaint against DVD Management, LLC ("DVD") and Fairfax Main St., LLC ("Fairfax Main") and, in support thereof, states as follows:

### Parties

1. Plaintiff Javad is an individual residing in the District of Columbia.

2. Defendant DVD is a Virginia limited liability company with its principal office being in Fairfax County, Virginia.

3. Defendant Fairfax Main is a Virginia limited liability company with its principal office being in Fairfax County, Virginia.

1

2745407v.1

## Venue and Jurisdiction

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest, fees and costs.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391 in that a substantial part of the events giving rise to the claims at issue took place in this judicial district..

## Facts Common to All Counts

6. On January 25, 2011 Sergei Nikolaev ("Assignor") contracted to purchase real property commonly known as 10341 Main Street, Fairfax, Virginia (the "Property") from Fairfax Petroleum, LLC ("Seller").

7. A true and accurate copy of the January 25, 2011 Contract is attached hereto as **Exhibit 1**.

8. The January 25, 2011 Contract provides, *inter alia*,

   28) ATTORNEYS' FEES: In any litigation, arbitration or other legal proceeding which may arise between any of the parties hereto, including Agent [Javad], the prevailing party shall be entitled to recover its costs and expenses, including costs and expenses of arbitration, court costs and expenses and costs and expenses incurred on appeal, and reasonable attorneys' fees incurred in any disputes through arbitration and appeal of any final judgment in addition to any other relief to which such party may be entitled.

9. Javad was the real estate agent for Assignor as to the January 25, 2011 Contract.

10. On May 5, 2011 Assignor and DVD entered into an Agreement to Assign Purchase Agreement.

11. A true and accurate copy of the Agreement to Assign Purchase Agreement is attached hereto as **Exhibit 2**.

12. On June 20, 2011 Assignor and DVD entered into a First Amendment to Purchase Agreement.

13. A true and accurate copy of the First Amendment to Purchase Agreement is attached hereto as **Exhibit 3**.

14. On July 5, 2011 Assignor and DVD entered into a Second Amendment to Purchase Agreement.

15. A true and accurate copy of the Second Amendment to Purchase Agreement is attached hereto as **Exhibit 4**.

16. On July 6, 2011 Assignor and DVD entered into an Assignment of Purchase Agreement.

17. A true and accurate copy of the Assignment of Purchase Agreement is attached hereto as **Exhibit 5**.

18. Through the Agreement to Assign Purchase Agreement, First Amendment to Purchase Agreement, Second Amendment to Purchase Agreement and Assignment of Purchase Agreement the parties thereto agreed, inter alia, to assign the purchase rights of Assignor as contained in the January 25, 2011 Contract to DVD.

19. At the time of executing the Second Amendment to Purchase Agreement, DVD requested a reduction in the purchase price from Assignor and Javad.

20. At the request of DVD, Assignor and Javad agreed to credit $30,000—representing the real estate commission otherwise due and owing to Javad upon closing of the transaction—towards the purchase price.

21. In exchange for the reduction in purchase price, the parties agreed, pursuant to the Second Amendment to Purchase Agreement, Para. 1, that Assignor was entitled to certain bonus payments in the event that the City of Fairfax approved a site plan allowing certain construction (the "Site Plan Bonus").

22. The Second Amendment to Purchase Agreement, Para. 1, provides,

2745407v.1

> The Assignor and Assignee [DVD] acknowledge that Assignee will apply for site plan approval on the Property through a by-right process with the city of Fairfax seeking approval of development and construction project consisting of condominium townhome units and retail condominium units (the "Site Plan"). If the City of Fairfax approves the Site Plan with more than 10 townhomes and provided that Broker fulfills his commitment to contribute Thirty Thousand Dollars ($30,000.00) toward the Purchase Price, then Assignee shall pay Assignor an Assignment Fee up to $300,000 based on the number of approved townhomes on the site and as follows:
>
> (a)   No assignment Fee is due if city of Fairfax approves 10 townhomes or less,
> (b)   $125,000 if city of Fairfax approves 11 townhomes,
> (c)   $250,000 if city of Fairfax approves 12 townhomes,
> (d)   $300,000 if city of Fairfax approves 13 townhomes or more,

[typographical errors in original]

23. The $30,000 real estate commission was, in fact, contributed toward the Purchase Price.

24. At the time of executing the Second Amendment to Purchase Agreement DVD promised both Assignor and Javad that the Site Plan Bonus would be paid in exchange for the $30,000 credit.

25. DVD made the promises set forth *infra* to induce Assignor and Javad to execute the Second Amendment to Purchase Agreement.

26. The promises of DVD to both Assignor and Javad as set forth *infra* induced Assignor and Javad to execute the Second Amendment to Purchase Agreement.

27. On July 7, 2011, Javad and Assignor entered into an Agreement in which Assignor assigned to Javad his entire interest in the Site Plan Bonus.

28. Through emails between Javad and DVD, DVD accepted the assignment from Assignor to Javad of Assignor's interest in the Site Plan Bonus.

29. On July 13, 2011 the principals of DVD formed Fairfax Main.

2745407v.1

30. Fairfax Main was formed for the purpose of assigning the benefits, obligations and liabilities in relation to, in connection with and arising out of the purchase of the Property and development of the Property, including the Site Plan Bonus, from DVD to Fairfax Main.

31. Fairfax Main, as successor in interest to DVD, possesses the benefits, obligations and liabilities in relation to, in connection with and arising out of the purchase of the Property and development of the Property, including the Site Plan Bonus.

32. DVD remains liable to Javad for payment of the Site Plan Bonus notwithstanding that Fairfax Main is also liable pursuant to its assignment from DVD.

33. The closing for the sale of the Property occurred on August 8, 2011.

34. In March, 2014, the Site Plan was approved for more than thirteen (13) townhomes.

35. As a result of the Site Plan being approved for more than thirteen (13) townhomes, Javad is owed $300,000.

36. As recently as March 12, 2014 DVD and Fairfax Main acknowledged the obligation to pay the Site Plan Bonus to Javad.

37. Despite demand for payment by Javad, the monies due and owing have not been paid.

## Count I
## (Breach of Contract)

38. Javad repeats, realleges and incorporates by reference as though fully set forth herein the allegations of the foregoing paragraphs.

39. The Agreement to Assign Purchase Agreement, First Amendment to Purchase Agreement, Second Amendment to Purchase Agreement and Assignment of Purchase Agreement are valid contracts executed by all parties thereto and supported by sufficient consideration.

40. DVD and Fairfax Main willfully violated the Second Amendment to Purchase Agreement as set forth herein in that DVD and Fairfax Main have failed to pay the Site Plan Bonus to Javad despite accepting the benefits obtained by DVD and Fairfax Main through the Second Amendment to Purchase Agreement.

41. Assignor and Javad have each fully performed their respective obligations set forth in the Agreement to Assign Purchase Agreement, First Amendment to Purchase Agreement, Second Amendment to Purchase Agreement and Assignment of Purchase Agreement.

42. DVD and Fairfax Main have, as a direct and proximate result of the actions set forth herein, caused damages to Javad in the amount of $300,000, exclusive of interest, costs and attorneys fees.

43. As a result of the breach of the Second Amendment to Purchase Agreement by DVD and Fairfax Main, Javad is entitled to compensatory damages in the amount of $300,000.

**WHEREFORE**, Ali Javad prays this Court grant it Judgment entered against DVD Management, LLC and Fairfax Main St., LLC, jointly and severally, in the amount of $300,000 together with Ali Javad's attorneys' fees, prejudgment interest, post-judgment interest and costs together with any further relief deemed just and proper by this Court.

           Respectfully submitted,

           ALI JAVAD
           By Counsel

_____
Christopher A. Glaser, Esq. (VSB # 43491)
JACKSON & CAMPBELL, P.C.
1120 20th Street, N.W., South Tower
Washington, DC 20036
Telephone: (202) 457-1612
Facsimile: (202) 457-1678
Email: cglaser@jackscamp.com

2745407v.1

## VERIFICATION OF COMPLAINT

I, Ali Javad, having been duly sworn, do hereby state as follows to the best of my knowledge, information and belief:

1. I am over the age of 21 years, I am competent to testify, and I have personal knowledge of the facts stated herein.

2. I have read the Verified Complaint and the facts therein alleged are true and correct.

By: _____
Ali Javad

District of Columbia  )
                      )

I, the undersigned, a Notary Public in and for the County and State aforesaid, do hereby certify that Ali Javad whose name is signed to the foregoing, appeared before me this 2nd day of May, 2014, and acknowledged that the foregoing is his/her true act and deed.

_____
Notary Public

My Commission Expires: 4-14-18

LESLIE LOUCKS
Notary Public, District of Columbia
My Commission Expires April 14, 2018

2745407v.1